**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BARBARA AUSTIN, THOMAS W. BOOZER, ANTHONY CHIEPPOR, CLARENCE L. PRIEBE, JULIETTE L. RODRIQUE, T. CAROLE SEDBERRY, and MARYNEL SUTTLE,** | § | |
| **Plaintiffs,** | § | |
| | § | **CASE NO. 2:06 CV 357** |
| **vs.** | § | |
| **BECTON DICKINSON AND COMPANY, INC., and MCKESSON MEDICAL-SURGICAL INC.,** | § | |
| **Defendants.** | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court are Defendant Becton Dickinson and Company's ("Becton Dickinson") and Defendant McKesson Medical-Surgical Inc.'s ("McKesson") Motions to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Sherman Division of the Northern District of Texas (Docket Nos. 8, 11). Having considered the parties' written submissions, the Court **DENIES** the motions for the reasons set forth below.

## BACKGROUND

This is a products-liability case in which Barbara Austin and six other plaintiffs (collectively "Plaintiffs") claim that they were injured when they contracted eye infections from an allegedly contaminated syringe. Plaintiffs underwent eye surgery on May 7, 2006 at the Heritage Eye Center in McKinney, Texas in the Sherman Division of the Eastern District of Texas. Dr. Rudolf Churner performed the surgeries and used the same Becton Dickinson syringe in all of the surgeries. The

syringe-in-question is a mixing syringe from which Churner withdrew a mixture of saline and an anti-inflammatory agent using a separate sterile syringe. The solution was then injected into each patient's eye with the separate syringe. Plaintiffs claim that Beckton Dickinson manufactured and designed the allegedly defective syringe and that McKesson supplied the syringe to the Heritage Eye Center.

Both Defendants have moved to transfer this case to the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). Because the motions are substantively identical the Court addresses both in the same analysis.

**APPLICABLE LAW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under § 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen AG*, 371 F.3d at 204. The movant bears the burden of proof in demonstrating that transfer is warranted. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (Folsom, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

**ANALYSIS**

Venue in the Proposed Transferee District

Plaintiffs do not dispute that this suit might have been brought in the Sherman Division of the Eastern District of Texas because that is where Plaintiffs were injured.

Private Factors

The private factors do not weigh in favor of transfer. First, Defendants argue that most or all of the evidence relating to Plaintiffs' injuries would be easier to access from the Sherman Division because Plaintiffs' surgeries were performed within the Sherman Division. This argument is unavailing. Any relevant documents can be sent to the Marshall Division as easily as to the Sherman Division. Accordingly, this factor is neutral.

Second, Defendants argue that transfer is proper for the convenience of parties and witnesses. Defendants argue that the Sherman Division is more convenient for the following non-party witnesses: (1) Churner and other Heritage Eye Center employees, (2) Texas Department of Health employees who investigated the events giving rise to this suit, (3) representatives of Presbyterian Hospital in Dallas, Texas, where sterility testing was performed on syringes from the same lot as the syringe-in-question, and (4) Collin County Health Department witnesses who either handled or tested relevant syringes. Defendants argue that these witnesses will incur greater expense in traveling to Marshall than to Sherman. *See In re Volkswagen*, 371 F.3d at 204-05. The Court notes that the Sherman and Marshall courthouses are approximately 180 miles apart and that some additional travel time is likely for witnesses who reside in the Sherman Division. However, Defendants fail to identify any individual besides Churner that they are likely to call to testify or to specify the additional travel time and expense any witness may incur. Churner has signed an affidavit stating that Marshall is convenient for him. As to the other categories of witnesses, Defendants have not set forth facts sufficient to show that any witness will likely incur overnight lodging or other greatly increased expenses. *Cf. In re Volkswagen*, 371 F.3d at 204-06 (transferring case where witnesses would be required to travel over 400 miles). Accordingly, Defendants have not met their burden to show that the second factor weighs in favor of transfer.

Finally, Defendants argue that Sherman would be more convenient for the parties. However, the Court assumes Marshall is convenient for Plaintiffs since they chose to file suit here. Defendants argue that Sherman is more convenient for defense witnesses who will be flying into Dallas. However, these witnesses will already incur flight and lodging expenses and the additional distance to Marshall is negligible.

Defendants' argument that non-party witnesses might be outside the subpoena power of this Court is misplaced. Compulsory process for trial attendance is available in both venues because both courts are in Texas. Defendants did not identify any other practical problems that would be avoided by transfer. Accordingly, the remaining private factors do not favor transfer.

Public Factors

The public factors do not favor transfer. Defendants have not put forth any facts suggesting that the case could be handled more efficiently in the Sherman Division. Defendants' conclusory statement that the Marshall docket is congested does not support their contention that a Sherman court would be better equipped to handle this case.

Defendants argue that the case should be transferred because Sherman Division residents have an interest in deciding the case because that is where the injuries occurred. However, this suit does not involve any negligence claims against Churner—this suit only involves claims based on Plaintiffs' allegation that the syringe-in-question was contaminated. Defendants do not dispute that Marshall Division residents have an interest in deciding the products-liability issues in this case. McKesson distributes Becton Dickinson's syringes throughout the Eastern District of Texas, and therefore citizens of both the Marshall and Sherman Divisions have a great interest in the safety of those products. The third and fourth public factors do not affect the analysis in this case because both courts are in Texas.

## CONCLUSION

Transfer to the Sherman Division of the Eastern District of Texas is not warranted under 28 U.S.C. § 1404(a). Accordingly, the Court **DENIES** Defendants' motions to transfer.

**So ORDERED and SIGNED this 13th day of November, 2006.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**